UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES A. HENRY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-0318 (RBW) |
| BUREAU OF PRISONS, | ) |
| Defendant. | ) |

MEMORANDUM OPINION

In this action, plaintiff, a federal prisoner proceeding *pro se*, sues the Bureau of Prisons ("BOP") for alleged inadequate medical care in violation of the Eighth Amendment. Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). Upon consideration of the parties' submissions and the entire record, the Court concludes that it lacks subject matter jurisdiction and therefore grants defendant's Rule 12(b)(1) motion.

Plaintiff alleges that the BOP "let [his] wrist problems go on for over six(6) years without any proper medical treatment, and as a resort[sic] I'm disable[d] from the . . . inadequate medical treatment in both of the Plaintiff's wrist." Complaint at 4. Plaintiff seeks damages of $10 million.[1]

---

[1] The complaint is presented on a form for prisoners bringing actions under 42 U.S.C. § 1983 or its federal counterpart authorized by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Such actions are properly brought against individuals in their individual capacity. *See Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997). Because this complaint is brought only against the BOP, it fails to state a claim upon which relief may be granted under § 1983 or *Bivens*. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* to federal agencies); *Phillips v. Federal Bureau of Prisons*, 271 F.Supp.2d 97, 101 (D.D.C. 2003) (*Bivens* claim not cognizable where plaintiff failed to "name any BOP employee as a defendant.").

One limitation on a court's authority to hear a case is the doctrine of sovereign immunity, which shields the United States from being sued.  *See United States v. Mitchell*, 445 U.S. 535, 538 (1980).  Sovereign immunity bars a suit for money damages against the federal government, its agencies, and its employees sued in their official capacity, unless the government has waived such immunity.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Clark v. Library of Congress*, 750 F.2d 89, 102-03 (D.C. Cir. 1984); *Cronauer v. U.S.*, 394 F. Supp.2d 93 (D.D.C. 2005).  The Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 (2005), provides a "limited waiver of the United States' sovereign immunity and renders the Federal Government liable to the same extent as a private party for certain torts of its employees. . . ." *Cronauer*, 394 F. Supp.2d at 96 (quoting *GAF Corp. v. United States*, 818 F.2d 901, 903 (D.C. Cir. 1987)) (internal quotation marks omitted).

Defendant asserts correctly that the United States, of which BOP is a component, generally has not consented to be sued for money damages for constitutional torts.  *See FDIC*, 510 U.S. at 477-78.  In *FDIC*, however, the Supreme Court found a waiver for such claims in the agency's enabling legislation.  *Id*. at 483 (holding "that [Federal Savings and Loan Insurance Corporation's] sue-and-be-sued clause waives the agency's sovereign immunity for Meyer's constitutional tort claim.").  Plaintiff, who has the burden of establishing subject matter jurisdiction, cites to provisions of the BOP's enabling legislation, *see* Pltf's Res. at 1 (citing18 U.S.C. §§ 4001, 4042), but those provisions do not authorize the BOP to sue or be sued in its capacity as a government entity.  The Court therefore concludes that it lacks subject

matter jurisdiction over plaintiff's claim brought solely against the BOP. Accordingly, this action must be dismissed.

                                         _____s/_____
                                         Reggie B. Walton
                                         United States District Judge

Date: January 20, 2006